v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A02–0702–JV–186.

Court of Appeals of Indiana.

Sept. 13, 2007.

Steven J. Halbert, Carmel, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Richard C. Webster, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MAY, Judge.

T.D. appeals the true finding that he is a juvenile delinquent for possession of marijuana, which would be a Class A misdemeanor if he were an adult.[1] He asserts the court should have suppressed all the evidence because the stop of the car in which he was riding violated Article I, section 11 of the Indiana Constitution. We affirm.

### FACTS AND PROCEDURAL HISTORY

At 6:50 p.m. on May 1, 2006, T.D. was riding in the passenger seat of a car. Indianapolis Police Officer Gregory Brinker observed the car had a cracked windshield that was "obstructing view," (Tr. at 12), and he initiated a traffic stop. T.D. opened the passenger door and leaned out to spit something on the road. When Officer Brinker approached the car, a strong odor of marijuana emanated from the car, and T.D. had marijuana on his mouth and shirt.

The State alleged T.D. was a juvenile delinquent for possessing marijuana. T.D. moved to suppress the evidence on the ground the stop of the car in which he was riding violated the Indiana Constitution. After hearing testimony from Officer Brinker, the court denied that motion. After hearing the remaining evidence, the court found T.D. was a delinquent child.

### DISCUSSION AND DECISION

T.D. did not file an interlocutory appeal to challenge the validity of the traffic stop. Rather, he proceeded to trial and objected to the admission of the evidence. In this circumstance, his allegation of error on appeal is more appropriately framed as whether the trial court abused its discretion in admitting the evidence. *Baird v. State*, 854 N.E.2d 398, 403 (Ind.Ct.App. 2006), *trans. denied* 860 N.E.2d 597 (Ind. 2006). Accordingly, we may not reverse unless the decision to admit the evidence was clearly against the logic and effect of the facts and circumstances before the court. *Id.*

Article I, section 11 provides: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search or seizure, shall not be violated...."

The purpose of this article is to protect from unreasonable police activity those areas of life that Hoosiers regard as private. The provision must receive a

1. Ind.Code § 35–48–4–11.

liberal construction in its application to guarantee the people against unreasonable search and seizure. In resolving challenges asserting a Section 11 violation, courts must consider the circumstances presented in each case to determine whether the police behavior was reasonable. We place the burden on the State to show that under the totality of the circumstances its intrusion was reasonable.

*Quirk*, 842 N.E.2d at 339–40. To assess the totality of the circumstances, we must consider "both the degree of intrusion into the subject's ordinary activities and the basis upon which the officer selected the subject of the search or seizure." *Myers v. State*, 839 N.E.2d 1146, 1153 (Ind.2005). Factors we balance include: "1) the degree of concern, suspicion, or knowledge that a violation has occurred, 2) the degree of intrusion the method of the search or seizure imposes on the citizens' ordinary activities, and 3) the extent of law enforcement needs." *Id.*

■ T.D. concedes the windshield of the car in which he was riding was cracked. He claims, pursuant to *State v. Pease*, 531 N.E.2d 1207 (Ind.Ct.App.1988), that Officer Brinker's testimony regarding the condition of the windshield is inadequate to demonstrate reasonable suspicion.

In *Pease*, the arresting officer testified he "stopped Pease's vehicle because he observed the vehicle had a badly cracked windshield, and issued a citation because he determined the vehicle to be unsafe." *Id.* at 1210. After listing the relevant statutes regarding the condition of a vehicle, we explained:

[E]ven though the legislature did not expressly prohibit the operation of a motor vehicle with a broken or cracked windshield as Pease argues, if a vehicle is operated in such an unsafe condition by virtue of the conditions of its windshield, as to endanger the driver or any other person, a violation has occurred. .... The issue then is whether Officer Whitlow had a reasonable suspicion, based upon specific and articulable facts, that Pease's vehicle was in the proscribed dangerous condition.

[Paragraph describing in detail what can be seen in three photographs of Pease's vehicle.]

We have described the windshield breakage in detail to demonstrate why Pease's windshield cannot be referred to simply as "cracked." Exhibits two and three convince us that Officer Whitlow acted reasonably in stopping Pease to investigate further the extent of the damage; they provide an objective basis for evaluating the officer's suspicion the vehicle was being operated in an unsafe and endangering condition.

*Id.* at 1210–11. While the Court had before it photographic evidence of the damage, we decline T.D.'s invitation to hold such evidence is required to demonstrate a police officer had reasonable suspicion justifying a traffic stop. *See, e.g., Jackson v. State*, 785 N.E.2d 615, 620 (Ind.Ct.App. 2003) (impeachment testimony insufficient to undermine testimony of officer that defendant drove against the lane control signals; thus officer had reasonable suspicion to initiate a traffic stop), *reh'g denied, trans. denied* 804 N.E.2d 749 (Ind.2003).

Officer Brinker testified the windshield was cracked sufficiently to obstruct the driver's view. This evidence was sufficient to support his reasonable belief that a traffic stop was required to determine whether the obstruction made the vehicle sufficiently unsafe warrant a traffic citation. *Cf. Hilton v. State*, 961 So.2d 284 (Fla.2007) (motion to suppress should have been granted where officer testified seven inch crack did not obstruct driver's view,

and therefore the officer had no reasonable suspicion car was not unsafe).

Taking into account the factors to be considered under *Myers,* 839 N.E.2d at 1153, we cannot say Officer Brinker's action was unreasonable under the Indiana Constitution. Accordingly, we affirm.

Affirmed.

DARDEN, J., and CRONE, J., concur.